IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK M. MUNIZ,

        Petitioner,

v.                                            CIV 06-0594 WJ/LAM

JAMES JANECKA, Warden,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on *Respondent's Motion to Dismiss Petition Without Prejudice* (hereinafter "Motion to Dismiss") *(Doc. 13)* and *Respondent's Memorandum in Support of Motion to Dismiss Petition Without Prejudice* (hereinafter "Memo in Support") *(Doc. 14)* filed on September 20, 2006. Respondent also filed an *Answer (Doc. 12)* on September 20, 2006. Petitioner Frank M. Muniz, a prisoner appearing *pro se* and *in forma pauperis*, filed an *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody* (hereinafter "Application") *(Doc. 1)* on July 3, 2006. The Court has reviewed the Application, the parties' submissions, and relevant law. As set forth below, the Court **FINDS** that the Motion to Dismiss is well-taken and **RECOMMENDS** that the Motion to Dismiss be **GRANTED** and the Application be **DENIED without prejudice.**

---

[1]Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such Proposed Findings and Recommended Disposition with the Clerk of the United States District Court for the District of New Mexico, 333 Lomas Boulevard, N.W., Albuquerque, New Mexico 87102.  **A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

**Factual and Procedural Background**

On November 6, 2000, Petitioner pled guilty and was sentenced in the Second Judicial District pursuant to Count I of Indictment CR 00-1077 (basic sentence of three years) and Count 13 of Indictment CR 00-01255 (basic sentence of four and one-half years plus enhancements of one year for firearm enhancement and eight years under the Habitual Offender Act) to run consecutively, for a total term of imprisonment of thirteen and one-half years. *Answer, Exhibit A, Judgment, Partially Suspended Sentence and Commitment* at 1-2. Execution of the three year sentence in CR 00-01077 was suspended, resulting in an actual term of imprisonment of ten and one-half years;[2] and Petitioner was to be placed on supervised probation in CR 00-01077 for three years following release from custody in CR 00-01255. *Id.* at 2.

On May 24, 2005, Petitioner filed a "Pro Se Petition for Peremtory [sic] Writ of Mandamus" in the Second Judicial District Court stating that officials at Lea County Correctional Facility had informed Petitioner that he was serving three years in CR 00-01077 (the sentence that had been suspended) and asked the court to order respondents to correct the error. *Application, Doc. 1, Exhibit E* at 4-5. Petitioner claimed he had "tried to have the matter corrected administratively, to no avail." *Id.* at 4. On July 29, 2005, the Second Judicial District Court dismissed the petition because of improper venue, "[p]ursuant to Rule 5-802D (Rules of Criminal Procedure for the District Courts)."[3] *Application, Doc. 1, Exhibit F.* The Order also directed the court clerk to mail a certified

---

[2] Petitioner is also serving a nineteen (19) year sentence from another jurisdiction which is running concurrently with his sentence in CR 00-01255. *See Application, Doc. 1* at 7.

[3] The Court notes that Rule 5-802(D) is the rule governing the procedure for filing a writ of habeas corpus. The Court cannot tell if the state court construed Petitioner's writ of mandamus as a habeas corpus petition because the state court used a form that states "THIS MATTER having come before the Court on Petitioner's Petition for Writ of Habeas Corpus ***and/or other pleading(s)*** . . ." to dismiss the matter because of improper venue. *See Application, Doc. 1, Exhibit F* (emphasis added).

copy of the judgment and sentence to, *inter alia,* the Department of Corrections and noted that if Petitioner's allegation was correct, "there may be some good time issues which need to be addressed." *Application, Doc. 1, Exhibit F at the second page.*

On August 18, 2005, Petitioner filed a "Motion for Adjudication of Writ of Mandamus" in the Second Judicial District Court and again claimed that Petitioner was "being made to serve the wrong sentence, by Respondents, contrary to court ordered judgment." *Application, Doc. 1, Exhibit G* at the first page. Petitioner expressed concern that he would be required to serve, after release from custody, three years on supervised probation as ordered by the sentencing court and that this would constitute double jeopardy. *Id.* at 2. On September 19, 2005, the Second Judicial Court dismissed the matter because of improper venue, appointed a public defender to represent Petitioner, and noted that these "challenges must be filed in the Judicial District where [Petitioner] is confined." *Id., Exhibit H at the second page.* The state court again dismissed the matter because of improper venue and used a form titled an "Order on Petition for Writ of Habeas Corpus." *Id., Exhibit H.*

On October 3, 2005, Petitioner filed a document captioned "Re: Pro Se Petition for a Peremtory [sic] Writ of Mandamus, Cause No. 00-1077, 00-1255" in the Second Judicial District Court arguing that the court had incorrectly dismissed his earlier petition because it was a writ of mandamus, not a writ of habeas corpus, and re-asserting his claim of double jeopardy. *Application, Doc. 1, Exhibit I* at 3. On December 20, 2005, the Second Judicial District Court summarily dismissed this matter, stating that as a matter of law Petitioner was not entitled to relief. *Application, Doc. 1, Exhibit J.*

On January 6, 2006, Petitioner filed a "Petition for Writ of Certiorari to the Second Judicial District Court" in the New Mexico Supreme Court arguing that the Second Judicial District Court

had erred in dismissing his mandamus petition and had erred in not ordering a correction in the execution of Petitioner's sentence. *Answer, Doc. 12, Exhibit H* at 2-3. On June 21, 2006, the New Mexico Supreme Court summarily denied the petition for writ of certiorari. *Answer, Doc. 12, Exhibit I.*

On July 3, 2006, Petitioner filed an ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*** in this Court arguing that he had been made to serve the wrong sentence and, therefore, was subject to double jeopardy in the future. *Application, Doc. 1*. In support of this allegation, Petitioner provided New Mexico Corrections Department Quarterly Good Time reports and figuring sheets indicating that good time awards were granted in Case # CR 0001077, in which the sentencing court had suspended the sentence. *Id., Exhibits B, C, and D.* On September 20, 2006, Respondent filed an **Answer** *(Doc. 12)*, a **Motion to Dismiss** *(Doc. 13)* and a **Memo in Support** *(Doc. 14)* arguing that Petitioner's claim of double jeopardy had not been exhausted because Petitioner had failed to file an administrative grievance with the Department of Corrections and had failed to file a state habeas corpus petition in the proper judicial district in state court. *Answer* at 1-2.

On October 2, 2006, Petitioner filed a ***Traverse to the Answer*** (hereinafter "Traverse") (*Doc. 18)* in which he argued that he has exhausted administrative remedies because Department of Corrections employees told him that any issues related to a judgment and sentence would have to be directed to the courts (*id.* at 3) and that this issue was not grievable (*id.* at 5). Petitioner also argued that he was prohibited by law from filing a state habeas petition to question actions of the warden or his interpretation of the judgment, commitment or applicable statute. *Traverse, Doc. 18* at 5.

## **Discussion**

Petitioner filed an ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody** (Doc. 1)* which applies to persons in state custody who are attacking the validity of a state court conviction.  However, Petitioner does not argue that his underlying conviction is invalid but argues that he is serving the wrong sentence and will be subject to double jeopardy if he is required to serve, after release from custody, three years on supervised probation as ordered by the sentencing court.[4]  A claim that attacks the duration of a petitioner's confinement or the execution of the sentence is a claim that should be pursued under 28 U.S.C. § 2241.  *Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000).  Therefore, the Court will construe Petitioner's claim as though it was brought under § 2241.[5]

There is a "general requirement that a petitioner under § 2241 must exhaust available state remedies." *Dulworth v. Evans*, 442 F.3d 1265, 1268-69 (10th Cir. 2006) (*citing Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000)).  "This requirement extends to the exhaustion of *administrative* remedies as well." *Dulworth*, 442 F.3d at 1269 (emphasis in original) (*citing Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005); and *Clonce v. Presley*, 640 F.2d 271, 273-74 (10th Cir. 1981) (stating that "petitioner **must** exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus.") (emphasis added)).

In the instant case, Petitioner failed to provide the Court with any documentation that he exhausted his administrative remedies, but claimed he had "attempted to have the error corrected administratively." *Application, Doc. 1* at 10-11.  In the *Traverse*, Petitioner cites to a "response from

---

[4]*See Application, Doc. 1 at 7-8.*

[5]*See Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992) ("The characterization of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court.").

Mr. Don Caviness - Senior Contract Monitor, stating in effect any issue as to Judgment and Sentence - J & S would have to be directed to the courts," but Petitioner states that he has no copy of this document. *Traverse, Doc. 18* at 3. Without the document, the Court cannot ascertain either the context or content of Mr. Caviness' response. Petitioner also states that he was "advised by case-worker, Mr. White, that this issue was 'not' grievable." *Id.* at 5. However, the applicable New Mexico statute states that

> [t]he corrections department has the power and duty to examine and inquire into all matters connected with the government, discipline and police of the corrections facilities and the punishment and treatment of prisoners; the department , shall inspect the corrections facilities and listen to any complaints of oppression or misconduct on the part of the warden or any of the other employees under him, and for that purpose, the secretary of corrections has the power to issue subpoenas and compel attendance of witnesses and to administer oaths.

N.M.S.A. 1978, § 33-2-11(A). In general, exhaustion of administrative procedures is a prerequisite for filing a petition for writ of habeas corpus with the state court in New Mexico pursuant to N.M.S.A. 1978, § 33-2-11(B). Section 33-2-11(B) states that

> [n]o court of this state shall acquire subject-matter jurisdiction over any complaint, petition, grievance or civil action filed by any inmate of the corrections department with regard to any cause of action pursuant to state law that is substantially related to the inmate's incarceration by the corrections department **until** the inmate exhausts the corrections department's internal grievance procedure.  (emphasis added).

Petitioner has not filed a state habeas petition, but instead filed a writ of mandamus in the Second Judicial District Court in an attempt to obtain a court order mandating that the Department of Corrections and Warden Janecka  follow the state court sentence. *See Application, Doc. 1, Exhibit E.* As noted above, the Court cannot tell if the state court construed Petitioner's writ of mandamus as a habeas corpus petition because the state court used a form order that included the

statute and language pertaining to habeas corpus petitions.[6] Petitioner must ascertain whether his particular issue regarding the execution of his sentence is grievable at the administrative level and exhaust his state court remedies before challenging his state custody under 28 U.S.C. § 2241.

Petitioner mistakenly relies on *State v. Walburt*, 435 P.2d 435 (N.M. 1967) in claiming that he was prohibited by law from filing a state habeas petition to question actions of the warden or his interpretation of the judgment, commitment or applicable statute. *Walburt* held that a Rule 93 (Rules of Civil Procedure) motion to vacate sentence and judgment could not be used in this manner. *Walburt*, 435 P2d at 437.

### Recommended Disposition

The Court recommends that ***Respondent's Motion to Dismiss Petition Without Prejudice (Doc. 13)*** be **GRANTED** and that Petitioner's ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1)*** be **DENIED without prejudice** because Petitioner has not provided evidence that he has exhausted his administrative and state court remedies.

---

[6]Petitioner filed a another document titled "Re: Pro Se Petition for a Peremtory [sic] Writ of Mandamus, Cause No. 00-1077, 00-1255" *(Application, Doc. 1, Exhibit I)* in the Second Judicial Court, which the state court "summarily dismissed because as a matter of law Petitioner is not entitled to relief" *(Id., Exhibit J)*. It may be that this document was treated by the state court as a writ of mandamus since the Order contained the title of Petitioner's document. *Id.* However, this dismissal does not affect the Court's analysis regarding the exhaustion of state court remedies.

The Court recommends that all pending motions, including ***Respondents' Motion to Strike Patricia A. Madrid as a Named Respondent*** *(Doc. 15)* and ***Petitioner's Motion to Supplement Application for a Writ of Habeas Corpus*** *(Doc. 22)* be **DENIED as moot.**

                                             *Lourdes A. Martínez*
                                       **LOURDES A. MARTÍNEZ**
                                       **UNITED STATES MAGISTRATE JUDGE**