# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**FRANK M. MUNIZ,**

> **Petitioner,**

**v.**                                                   **CIV 06-0594 WJ/LAM**

**JAMES JANECKA,**

> **Respondent.**

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION *(Doc. 23)*

On January 9, 2007, the Magistrate Judge assigned to this case filed her ***Proposed Findings and Recommended Disposition*** (hereinafter ***"PF&RD"***)*(Doc. 23)* recommending that Petitioner's ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By A Person In State Custody*** (hereinafter ***"Application"***) *(Doc. 1)*(construed as being brought under 28 U.S.C. § 2241) be denied and this case be dismissed without prejudice.  On January 29, 2007, Petitioner filed timely ***Pro Se Objections to Proposed Findings and Recommended Disposition*** (hereinafter ***"Objections"***) *(Doc. 24)*.  In response to the Court's ***Order to Expand the Record*** *(Doc. 25)*[1] entered on February 7, 2007, Respondent filed a ***Notice Regarding Compliance with Court Order*** (hereinafter ***"Notice"***) *(Doc. 28)* on March 19, 2007.  On March 29, 2007, Petitioner filed ***Petitioner's Reply to Respondent's Notice Regarding Compliance with Court Order*** (hereinafter ***"Reply"***) *(Doc. 33)*.

---

[1]The Magistrate Judge ordered Respondent to expand the record and address Petitioner's allegation raised in his ***Objections*** *(Doc. 24)* that he was prevented from exhausting administrative remedies by New Mexico Corrections Department policies and Lea County Correctional Facility policies; and to provide an affidavit explaining why the cause number of Petitioner's suspended sentence (CR 00-1077) appeared on Corrections Department good time figuring sheets and quarterly good time reports.  ***Order to Expand the Record***, *Doc. 25* at 2-4.

The Court has conducted a *de novo* review of those portions of the ***PF&RD*** and ***Notice*** to which Petitioner objects and finds that the objections have no merit.  Accordingly, the Court has determined that it will adopt the ***Proposed Findings and Recommended Disposition*** *(Doc. 23)*, grant Respondent's ***Motion to Dismiss Petition Without Prejudice*** *(Doc. 13)*, and dismiss without prejudice Petitioner's ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By A Person In State Custody*** *(Doc. 1)* (construed as being brought under 28 U.S.C. § 2241) and this case by a final order entered concurrently with this order.

On July 3, 2006, Petitioner filed his ***Application***  under 28 U.S.C. § 2254 and argued that he was being made to serve a suspended sentence and that he would be subject to double jeopardy if required to serve, after release from custody, three years on supervised probation as ordered by the sentencing court.[2]  The Magistrate Judge construed Petitioner's claim as though it was brought under 28 U.S.C. § 2241 because a claim that attacks the duration of a petitioner's confinement or the execution of the sentence is a claim that should be pursued under 28 U.S.C. § 2241.  *Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000).  In support of his allegation, Petitioner attached New Mexico Corrections Department Quarterly Good Time reports and figuring sheets indicating that good time awards were granted in Case # CR 0001077, in which the sentencing court had suspended the sentence.[3]  On January 9, 2007, the Magistrate Judge filed her ***PF&RD*** recommending that

---

[2] ***Application*** *(Doc. 1)* at 7.

[3] *Id., Exhibits B, C, and D.*

Petitioner's *Application* (construed as being brought under 28 U.S.C. § 2241) be denied and this case be dismissed without prejudice.[4]

The *PF&RD* recommends dismissal without prejudice because Petitioner did not provide evidence that he exhausted his administrative and state court remedies prior to filing the § 2254 habeas application.[5]   In his *Objections*, Petitioner argues that he was unable to exhaust his administrative remedies because policies of the New Mexico Corrections Department and Lea County Correctional Facility prevented him from filing a grievance regarding a classification decision.[6]  The Magistrate Judge ordered Respondent to expand the record and clarify the applicable grievance/appeals process and to explain why the cause number of Petitioner's suspended sentence continued to appear on corrections department good time figuring sheets.[7]  On March 19, 2007, Respondent filed a *Notice Regarding Compliance with Court Order* in response to the Court's order to expand the record and stated that the execution of Petitioner's sentence was a classification decision which was appealable.[8]  Respondent stated that Petitioner appealed the classification decision and exhausted his administrative remedies, and noted that Petitioner had failed to provide either Respondent or the Court with any notification of this appeal or the outcome.[9]

---

[4] *PF&RD (Doc. 23)*.

[5] *Id.* at 7.

[6] *Objections (Doc. 24)* at 3-4, 5.

[7] *Order to Expand the Record (Doc. 25)* at 3-4.

[8] *Notice (Doc. 28)* at 1.

[9] *Id.*

In the **Notice**, Respondent provided documentation that indicates Petitioner wrote a letter on October 30, 2006,  regarding the alleged miscalculation of his sentence and requesting information on an appeal he allegedly filed on August 21, 2006.[10]  On November 14, 2006, Petitioner filed an Inmate Classification Appeal Form[11] and received an explanatory denial of his appeal on December 11, 2006.[12]  Petitioner filed his § 2254 habeas application on July 3, 2006[13] and, therefore, had not exhausted his administrative remedies, as required, prior to filing the habeas application.  *See Dulworth v. Evans*, 442 F.3d 1265, 1268-69 (10th Cir. 2006) (citations omitted) (there is a general requirement that a petitioner under § 2241 must exhaust available state remedies and exhaust administrative remedies as well).   Exhaustion of administrative remedies gives an agency the opportunity to correct errors, discourages disregard for agency procedures, and promotes efficiency. *See Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006).  Petitioner's concerns may well have been satisfied at the administrative level had he exhausted administrative remedies before filing a habeas application.

Respondent also provided a sworn affidavit from Deputy Warden Lynwood Baade stating that a case manager had "inadvertently [written] the suspended cause number on the top of good time award documents instead of the valid one," but that "good time credit ha[d] been applied to the correct cause number since the beginning date [of] incarceration."[14]   A sworn affidavit by

---

[10]*Id.*, *Exhibit E* at Bates Stamp 8,9.

[11]*Id.*, *Exhibit F* at Bates Stamp 22.

[12]*Id.*, *Exhibit G* at Bates Stamp 23.

[13]**Application** *(Doc. 1)*.

[14]**Notice** *(Doc. 28), Exhibit A* at Bates Stamp 2.

-4-

Classification Officer, Jennifer Haynes, states that corrective action has been taken and that the "inadvertent use of the cause number of the suspended sentence did not change the good time awarded to Mr. Muniz, nor does it impact his release date."[15]

On March 29, 2007, Petitioner filed his **Reply** to Respondent's **Notice** raising new issues and continuing to argue that his sentence was miscalculated.[16] The new issues raised include allegations that the good time credits on his firearm and habitual offender enhancements are being miscalculated;[17] that the trial court erred in classifying his conviction as a serious violent offense;[18] that the suspended sentence was not used to enhance Petitioner's remaining conviction and sentence;[19] and that personal relationships among prison staff and "nepotism" adversely affected the administrative appeal of the calculation of his sentence.[20] The Court will not address these new issues because "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) (holding that "an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate [judge].").

---

[15]*Id., Exhibit C* at Bates Stamp 5.

[16]**Reply** (*Doc.33*).

[17]*Id*. at 6-8.

[18]*Id*. at 8-9.

[19]*Id*. at 10.

[20]*Id*. at 12-13.

Petitioner admits that he appealed the alleged miscalculation of his sentence through the prison appeals system but "did not notify [the Court] of appeal because Respondent['s] arugment [sic] was that [he had] not exhaust[ed] administrative remedies for fialure [sic] to file 'grievance.'"[21] In his affidavit, Deputy Warden Baade states that this issue is one of semantics because "[w]hile issues regarding an inmate's classification are not 'grievable', all classification decisions are subject to appeal."[22]

In his **Reply**, Petitioner provides new exhibits and compares them to exhibits previously submitted in an attempt to support his continued assertion that "good time" credits were applied to his suspended sentence (CR 00-1077) and are proof that his sentence was wrongly executed. Petitioner asks the Court to compare Exhibit B-2 (New Mexico Corrections Department, Good Time Figuring Sheet for Cause Number CR 00-1077, the case in which he is serving a suspended sentence)[23] dated February 28, 2007, which indicates no deductions for good time credit, with Exhibit B (New Mexico Corrections Department, Good Time Figuring Sheet for Cause Number CR 00-1077, the case in which he is serving a suspended sentence)[24] dated December 6, 2004, which lists periodic awards of good time credit.  Petitioner interprets the information gleaned from this comparison as evidence that he was serving a sentence under CR 00-1077, even though the sentence

---

[21]*Id.* at 10.

[22]**Notice** *(Doc. 28), Exhibit A* at Bates Stamp 2-3.

[23]**Reply** *(Doc. 33),Exhibit B-2.*

[24]**Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody** *(Doc. 1),Exhibit B.*

in this case had been suspended.[25]   The Court finds Petitioner's example unpersuasive inasmuch as Respondent has admitted that clerical errors were made and have since been corrected.[26]   In fact, Petitioner's comparison of the good time figuring sheets reinforces Respondent's claim that corrections have been made.

Petitioner also alleges that Exhibit J (New Mexico Corrections Department, Good Time Figuring Sheet with entries from March 3, 2002 to December 22, 2005 for cause numbers CR 00-1077 and CR 00-1255)[27] offered by Respondent is "doctored" because all handwritten entries appear to have been entered by the same person over an extended time period.[28]   Petitioner offers for comparison another similar document (for a separate cause number) in which the handwritten entries appear to have been made by different persons.[29]   This allegation by Petitioner is conclusory, lacks supporting factual allegations and will not be addressed by the Court.   *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim).   However, the Court notes that a comparison of the good time

---

[25]*Reply (Doc. 33)* at 2-3.

[26]*Notice (Doc. 28), Exhibit A, Affidavit of Deputy Warden Lynwood Baade* at Bates Stamp 1-3.  As stated by Warden Baade in his *Affidavit*, "[Petitioner's] claim . . . is not true.  Although it appears good time was being applied to CR 2000-01077 (the suspended sentence), it would only appear that way because the valid cause number (CR 2000-01255) appears on the same good time figuring sheet as the suspended cause number (CR 2000-01077).  Even though one cause number and sentence is suspended, the sentence remains the same, good time has been consistently applied to the correct cause number since the beginning date [of] incarceration."  *Id.* at Bates Stamp 1-2, ¶4.

[27]*Answer (Doc. 12), Exhibit J.*

[28]*Reply (Doc. 33)* at 3.

[29]*Reply (Doc. 33), Exhibit 1, New Mexico Corrections Department, Good Time Figuring Sheet for Cause No. VA-99-280 CR.*

credits entered on Exhibit J correspond to the entries on Exhibit B-3[30] (a computer-generated good time figuring sheet) dated February 28, 2007 for Case Number CR 00-1255, which again corroborates Respondent's claim that errors have been corrected and good time credit properly applied.

Following review of the documentation provided by Respondent in the ***Notice*** and a *de novo* review of those portions of the ***PF&RD*** and ***Notice*** to which Petitioner objects, the Court finds that the objections have no merit and will adopt the ***Proposed Findings and Recommended Disposition (Doc. 23)*** as entered.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's ***Proposed Findings and Recommended Disposition (Doc. 23)*** are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Petitioner's ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By A Person In State Custody (Doc. 1)*** (construed as being brought under 28 U.S.C. § 2241) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents' ***Motion to Dismiss Petition Without Prejudice (Doc. 13)*** is **GRANTED.**

**IT IS FURTHER ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE** and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**WILLIAM P. JOHNSON**
**UNITED STATES DISTRICT JUDGE**

---

[30]*Id.*, Exhibit B-3, New Mexico Corrections Department, Good Time Figuring Sheet for Case Number CR 00-1255.